# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION | 2:03-cv-01431-RCJ-PAL<br>MDL No. 1566<br>**ORDER** |
| REORGANIZED FLI, INC. et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>WILLIAMS COMPANIES. et al.,<br><br>Defendants. | 2:05-cv-01331-RCJ-PAL |
| LEARJET, INC. et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ONEOK, INC. et al.,<br><br>Defendants. | 2:06-cv-00233-RCJ-PAL |

| | |
|---|---|
| SINCLAIR OIL CORP.,<br><br>        Plaintiff,<br><br>    vs.<br><br>E PRIME INC. et al.,<br><br>        Defendants. | 2:06-cv-00267-RCJ-PAL |
| SINCLAIR OIL CORP.,<br><br>        Plaintiff,<br><br>    vs.<br><br>ONEOK ENERGY SERVICES CO., L.P.,<br><br>        Defendant. | 2:06-cv-00282-RCJ-PAL |
| BRECKENRIDGE BREWERY OF COLORADO, LLC et al.,<br><br>        Plaintiffs,<br><br>    vs.<br><br>ONEOK INC. et al.,<br><br>        Defendants. | 2:06-cv-01351-RCJ-PAL |
| HEARTLAND REGIONAL MEDICAL CENTER et al.,<br><br>        Plaintiffs,<br><br>    vs.<br><br>ONEOK, INC. et al.,<br><br>        Defendants. | 2:07-cv-00987-RCJ-PAL |

|   |   |   |
|---|---|---|
| ARANDELL CORP. et al., | ) | |
| Plaintiffs, | ) | |
| vs. | ) | 2:07-cv-01019-RCJ-PAL |
| XCEL ENERGY INC. et al., | ) | |
| Defendants. | ) | |
| NEWPAGE WISCONSIN SYSTEM INC., | ) | |
| Plaintiff, | ) | |
| vs. | ) | 2:09-cv-00915-RCJ-PAL |
| CMS ENERGY RESOURCE MANAGEMENT CO. et al., | ) | |
| Defendants. | ) | |

These consolidated cases arise out of the energy crisis of 2000–2002. Plaintiffs (retail buyers of natural gas) allege that Defendants (natural gas traders) manipulated the price of natural gas by reporting false information to price indices published by trade publications and by engaging in "wash sales." Several motions are pending before the Court.

I. **PROCEDURAL HISTORY**

In 2003, the Judicial Panel on Multidistrict Litigation ("JPML") transferred seven class action cases from various districts in California to this District under 28 U.S.C. § 1407 as Multidistrict Litigation ("MDL") Case No. 1566, assigning Judge Pro to preside. Since then, the JPML has transferred in several more actions from various districts throughout the United States. Between 2003 and 2015, Judge Pro ruled on many motions to remand, to dismiss, and for summary judgment. He also approved several class settlements. Several parties settled on their own. One or more of the cases have been to the Court of Appeals twice and to the Supreme

Court once. In 2007, the Court of Appeals reversed several dismissals under the filed rate doctrine and remanded for further proceedings. In 2013, the Court of Appeals reversed several summary judgment orders, ruling that the Natural Gas Act did not preempt state law anti-trust claims and that certain Wisconsin- and Missouri-based Defendants should not have been dismissed for lack of personal jurisdiction. The Supreme Court granted certiorari as to preemption under the Natural Gas Act and affirmed. The case was soon thereafter reassigned to this Court when Judge Pro retired. The Court has issued several dispositive orders and has denied class certification in applicable cases. The Court recently ruled on approximately forty motions, including the final group of dispositive motions. Two motions to reconsider and several other motions are pending before the Court.

## II. MOTIONS TO RECONSIDER

### A. Motion No. 2959

Defendants Xcel Energy Inc. ("Xcel"), Northern States Power Co. ("N. States"), Dynegy Illinois, Inc. ("DII"), DMT GP, LLC ("DMT"), Dynegy GP, Inc. ("DGI"), El Paso Corp. ("El Paso"), and Williams Merchant Services Co. ("Williams") ask the Court to reconsider denial of their motion for summary judgment in the '1019 and '915 Cases based on release and/or res judicata via the settlements in a consolidated class action brought in the Southern District of New York, No. 03-cv-6186 ("the NYMEX Case"). The Court granted the motion as to several Defendants but denied the motion as to movants because the Court was not satisfied that movants were parties to the NYMEX Case or parents, subsidiaries, successors, etc. of parties to the NYMEX Case covered by the release. The Court invited the present motions to reconsider if movants could provide such evidence or point out to the Court such evidence already in the record.

Movants note that the Court reconsidered the release arguments of Xcel, El Paso, and Williams after a previous round of summary judgment motions under similar circumstances. (*See* Order 2–3, Nov. 16, 2016, ECF No. 2671 (noting that the relevant Plaintiff had affirmatively alleged the corporate relationships at issue in the relevant pleading)). Movants are correct that Plaintiffs in the '1019 and '915 Cases have also judicially admitted several corporate relationships via their respective pleadings. (*See* Third Am. Compl. ¶ 25 (Williams), ¶ 45 (El Paso), ¶ 67 (Xcel), ¶ 68 (N. States), ECF No. 1846, attached as Ex. 1 to Mot. Recon., ECF No. 2959; Am. Class Action Compl. ¶ 21 (Williams), ¶ 41 (El Paso), ¶ 68 (Xcel), ¶ 69 (N. States), ECF No. 1953, attached as Ex. 2 to Mot. Recon., ECF No. 2959). The Court therefore finds that Williams, El Paso, Xcel, and N. States were released.

Movants also adduce the testimony of DII's Rule 30(b)(6) deponent that DII, DMT, and DGI were related to Dynegy Marketing & Trade, which was a "Settling Defendant" in the NYMEX Case. (*See* Jolley Dep. 49, ECF No. 2959-7 (attesting that DII is the parent of Dynegy Holdings, Inc., which in turn is the parent of DGI, a general partner in Dynegy Marketing & Trade, and that Dynegy Holdings, Inc. also owns DMT)). In other words, DGI was a general partner of a Settling Defendant (Dynegy Marketing & Trade), DII was DGI's "grandparent," and DMT shared a parent with DGI. The Court must examine whether these entities are released based on their relationships to Dynegy Marketing & Trade. The relevant language of the release is:

> "Released Parties" shall mean the Settling Defendants, the Settling Defendants' predecessors, the Settling Defendants' successors, and the present or former members, principals, officers, directors, employees, agents, assigns, attorneys, insurers, shareholders, advisors, parents, subsidiaries, affiliates, joint ventures, partnerships, and associates (as defined in SEC Rule 12b-2 . . . .) of the Settling Defendants, the Settling Defendants' predecessors, and/or the Settling Defendants' successors, in any capacity related to the Settling Defendants and their predecessors and successors, but not in any capacity related to any of the non-settling defendants; and each of their assigns, representatives, heirs, executors, and

> administrators (and present or former members, principals, officers, directors, employees, agents, assigns, attorneys, insurers, shareholders, advisors, parents, subsidiaries, affiliates, joint ventures, partnerships, or associates of all such parents, subsidiaries, affiliates, joint ventures, partnerships, or associates in any capacity related to the Settling Defendants and their predecessors and successors, but not in any capacity related to any of the non-settling defendants).

(First Settlement Order 4–5 n.3, ECF No. 2300-5).

First, according to Jolley's testimony, DGI was a partner of Dynegy Marketing & Trade. It was therefore released as a member of a Settling Defendant.

Second, DII was the parent of the parent of DGI. Under the release, parents of parents of Settling Defendants, as well as parents of members of Settling Defendants, were released. But DII was *the parent* of a parent (Dynegy Holdings, Inc.) of a member (DGI) of a Settling Defendant (Dynegy Marketing & Trade). There is no language in the release indicating that it is infinitely recursive, i.e., that it includes parents of parents of members, etc., ad infinitum. There is a single recursive clause, "and each of their assigns, representatives . . . ." DII therefore only falls under the definition of "Released Parties" if "parents" under the language of the release was intended to include parents of parents. The Court finds that it was. The term "corporate parent" means "[a] corporation that has a controlling legal interest in another corporation." Black's Law Dictionary 418 (10th ed. 2014). The essential characteristic of a "parent" entity is its control over the other entity, not the degree to which it is separated from the controlled entity via corporate formalities.

Third, DMT is a subsidiary of DMT Holdings, which is in turn a subsidiary of Dynegy Holdings, Inc., which in turn is a parent of DGI, which in turn is a member of a Settling Defendant (Dynegy Marketing & Trade). Under the release, subsidiaries of parents of Settling Defendants are released. It would therefore be clear that DMT is released if DGI were itself a Settling Defendant, because DMT is a (grand)subsidiary of DGI's parent (Dynegy Holdings,

Inc.). But DGI is not a Settling Defendant. Rather, it is a member of a Settling Defendant (Dynegy Marketing & Trade). The release cannot reasonably be read to include (grand)subsidiaries of parents of members of Settling Defendants. As noted, the release is not infinitely recursive.

### B. Motion No. 2962

The remaining Defendants ask the Court to reconsider its March 2017 denial of summary judgment in the '1019 Case based on its finding that that there remained a genuine issue of material fact as to whether Plaintiffs Carthage College and Briggs & Stratton received sufficient notice of the NYMEX settlement. The Court was unsure at the time whether Plaintiffs' broker Kaztex, who had received the notice, had a duty to notify Plaintiffs. Movants note that in its recent August 2017 order addressing a similar motion, the Court ruled that the case law indicated that the NYMEX court's finding that constitutionally sufficient notice had been provided was not amenable to collateral attack here. (*See* Order, 13, ECF No. 2957 (citing *Hesse v. Sprint Corp.*, 598 F.3d 581, 588 (9th Cir. 2010) (citing *Epstein v. MCA, Inc.*, 179 F.3d 641, 648 (9th Cir. 1999) (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985))))).

Plaintiffs argue that in the case of movants, it previously appeared that Kaztex had only received notice in its capacity as a class member itself, not as Plaintiffs' agent, and that the record has not changed in that regard. But movants correctly note in reply that the reason the Court recently granted summary judgment on this issue despite any potential fact issues concerning notice was because any such fact issues were precluded; under the case law, the NYMEX court's findings that notice to class members had been sufficient was simply not collaterally attackable here. The factual distinction Plaintiffs ask the Court to recognize may be valid, but the Court would have to ignore *Hesse* in order to address it. The Court is not free to do so and finds that it must reconsider.

## III. MOTIONS TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL

Several Defendants in the '1019, '915, and '1351 Cases ask the Court to certify its March 30, 2017 denials of summary judgment for interlocutory appeal under 28 U.S.C. § 1292(b). The Court denies the motion. The immediate appeal of the denial of summary judgment would not likely advance the termination of the present litigation but is more likely to delay it. These cases are already over a decade old. They have been to the Court of Appeals twice and to the Supreme Court once, and they have outlasted the tenure of the district judge originally assigned to hear them. The Court intends to conclude the consolidated pretrial proceedings and remand to the transferor courts in the most expeditious manner possible. The Court will not certify these issues for interlocutory appeal based on the speculation that the Court of Appeals may choose to hear those issues together with the pending appeals. At a minimum, even if the Court of Appeals chose to do that, it would almost certainly extend the time to determine the pending appeals.

## IV. MOTION FOR SUGGESTION OF REMAND

Plaintiffs in the class action cases (the '233, '1019, '987, '1351, and '915 Cases) have asked the Court to issue a suggestion of remand to the JPML. *See* J.P.M.L. Rule 10.1(b)(i). The Court solicited the motion at an August 9, 2017 fairness hearing, indicating that Plaintiffs should file it after briefing was completed on Motions for Summary Judgment Nos. 2745 and 2764. The parties agree that those motions are moot. Two appeals are pending concerning the Court's denial of class certification and the Court's dismissal of claims against Defendant CenterPoint Energy Services, Inc. Plaintiffs ask the Court to enter a proposed order that does not simply suggest remand but rather: (1) stays the actions in this Court; (2) stays or denies without prejudice (it is not clear) the pending motions to reconsider, for consideration by the transferor courts after remand; (3) suggests to the JPML that the cases be remanded after the mandates issue in the pending appeals; and (4) is entered into the docket but not submitted to the JPML

until the mandates issue from the Court of Appeals. (*See* Proposed Order, ECF No. 2961-1). The Court will not enter the proposed order. If Plaintiffs themselves do not believe the class action cases should be immediately remanded, the Court will not issue a suggestion of remand. Plaintiffs implicitly admit that the Court should not suggest remand until the pending appeals are decided. That being the case, the Court will not enter a superfluous order indicating what it may do in the future. The Court agrees with Defendants that upon issuing the present order, it should simply stay the cases and await the Court of Appeals' rulings in the two pending appeals.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to File Supplemental Brief (ECF No. 2946) and the Motion to Reconsider (ECF No. 2962) are GRANTED.

IT IS FURTHER ORDERED that the Motion to Reconsider (ECF No. 2959) is GRANTED IN PART and DENIED IN PART. Xcel Energy Inc.; Northern States Power Co.; Dynegy Illinois, Inc.; Dynegy GP, Inc.; El Paso Corp.; and Williams Merchant Services Co. are entitled to summary judgment based on release, but DMT GP, LLC is not.

IT IS FURTHER ORDERED that the Motions to Certify (ECF Nos. 2967, 2968) and the Motion for Suggestion of Remand (ECF No. 2961) are DENIED.

IT IS FURTHER ORDERED that the consolidated cases are STAYED, and the parties shall notify the Court upon the issuance of the Court of Appeals' rulings in Appeals Nos. 16-17099 and 17-16227.

IT IS SO ORDERED.

Dated this 20th day of November, 2017.

                                                        ROBERT C. JONES
                                                       United States District Judge